Peter Jazayeri (SBN 199626)
**JAZ, A PROFESSIONAL LEGAL CORPORATION**
peter@jaz-law.com
1100 Glendon Avenue, Suite 1500
Los Angeles, CA 90025
Telephone: 310.853.2529
Facsimile: 310.388.0664

Attorneys for CREDITOR ADITYA SHARMA
AND ANSHU SHARMA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CROSSCODE, INC.,<br><br>                Debtor. | Case No. 3:20-bk-30383 (DM)<br><br>Chapter: 11<br><br>**EVIDENTIARY OBJECTION AND REQUEST TO STRIKE:**<br><br>1. **DEBTOR'S REPLY IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. SECTION 327(A), ET AL. FOR AUTHORITY TO RETAIN AND EMPLOY STOEL RIVES LLP AS ATTORNEYS FOR DEBTOR [DKT. 82]; AND**<br>2. **SUPPLEMENTAL DECLARATION OF ANDREW MORTON IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. SECTION 327(A), ET AL. FOR AUTHORITY TO RETAIN AND EMPLOY STOEL RIVES LLP AS ATTORNEYS FOR DEBTOR [DKT. 83]**<br><br>Hearing Date: June 18, 2020<br>Time:         9:30 a.m. (Pacific Time)<br>Place:        United States Bankruptcy Court<br>                    Courtroom 17, 16th Floor<br>                    San Francisco, CA 94102 |

Creditor Aditya Sharma ("Sharma") hereby submits his evidentiary objection and request to

strike the Debtor's Reply in Support of Application Pursuant to 11 U.S.C. Section 327(A), *et al.* for

Authority to Retain and Employ Stoel Rives LLP as Attorneys for Debtor [Dkt. 82] (the "Reply")

and Supplemental Declaration of Andrew Morton in Support of Debtor's Application Pursuant to 11

ADITYA SHARMA'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE DEBTOR'S REPLY AND
SUPPLEMENTAL DECLARATION IN SUPPORT OF APPLICATION TO RETAIN ATTORNEYS

U.S.C. Section 327(A), *et al.* for Authority to Retain and Employ Stoel Rives LLP as Attorneys for Debtor [Dkt. 83] ("Morton Supplemental Declaration"). The objection and request to strike the Reply is brought pursuant to Local Bankruptcy Rules 9011-1, 9014-1(c)(3) and Federal Rules of Bankruptcy Procedure Rule 9017.

## I. THE REPLY AND THE MORTON SUPPLEMENTAL DECLARATION VIOLATE LOCAL BANKRUPTCY RULE 9014-1(C)(3) AS THEY ARE LATE

Sharma objects pursuant to Local Bankruptcy Rule 9014-1(c)(3), in that the Reply and the Supplemental Morton Declaration are untimely. As the hearing is noticed for June 18, 2020, the Debtor was required to file its Reply and any supporting evidence by June 11, 2020 under Local Bankruptcy Rule 9014-1(c)(3). The Reply and Supplemental Morton Declaration were filed on June 15, 2020, three days late.

Pursuant to Local Bankruptcy Rule 9011-1, the Court is entitled to sanction the Debtor for failure to comply Local Bankruptcy Rule 9014-1(c)(3). The appropriate sanction is to strike the Reply and its supporting declaration from the record.

## II. EVIDENTIARY OBJECTIONS TO MORTON SUPPLEMENTAL DECLARATION

### A. Objection to Paragraph 6, page 3:1-2

Sharma objects to Paragraph 6, page 3:1-2 of the Morton Supplemental Declaration which states "The Debtor (a) authorized the firm to apply its retainer to such amounts and (b) agreed to supplement its retainer with an additional $62,897.00," on the grounds that it is hearsay pursuant to Federal Rules of Evidence ("FRE") 801(c), 802. The statement as to the Debtor's purported authorization and agreement is an out of court statement provided to prove the truth of the matter asserted and is not subject to a hearsay exclusion. Therefore, it is inadmissible.

### B. Objection to Paragraph 7, page 3:9-10

Sharma objects to Paragraph 7, page 3:9-10 of the Morton Supplemental Declaration which states "The Debtor (a) authorized the Firm to apply its retainer to such amounts and (b) agreed to supplement its retainer with an additional $50,000," on the grounds that it is hearsay pursuant to FRE 801(c), 802. The statement as to the Debtor's purported authorization and agreement is an out

Case: 20-30383    Doc# 86    Filed: 06/16/20    Entered: 06/16/20 18:08:26    Page 2 of 4

ADITYA SHARMA'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE DEBTOR'S REPLY AND SUPPLEMENTAL DECLARATION IN SUPPORT OF APPLICATION TO RETAIN ATTORNEYS

1  of court statement provided to prove the truth of the matter asserted and is not subject to a hearsay
2  exclusion.  Therefore, it is inadmissible.

3  **C.**     **Objection to Paragraph 8, page 3:13-15**

4  Sharma objects to Paragraph 8, page 3:13-15 of the Morton Supplemental Declaration which
5  states "The Debtor (a) authorized the Firm to apply its retainer to such amounts and (b) agreed to
6  supplement its retainer with an additional $80,000," on the grounds that it is hearsay pursuant to
7  FRE 801(c), 802.  The statement regarding the Debtor's purported authorization and agreement is an
8  out of court statement provided to prove the truth of the matter asserted and is not subject to a
9  hearsay exclusion.  Therefore, it is inadmissible.

10  **D.**     **Objection to Paragraph 9, lines 16-19**

11  Sharma objects to Paragraph 9, lines 16-19 which states "On May 1, 2020, the (a) the Debtor
12  (i) transferred to the Firm an additional advance payment retainer of $25,000 and (ii) authorized the
13  Firm to apply up to the full amount of its remaining retainers to unpaid fees for services rendered
14  prior to the filing of the Petition."  The statement that the Debtor purportedly authorized the Firm to
15  apply payments is an out-of-court statement provided to prove the truth of the matter asserted and is
16  not subject to a hearsay exclusion.  It is therefore not admissible pursuant to FRE 801(c) and 802.

17  In addition, the statement that the money sent was an "advance payment retainer" is
18  misleading and prejudicial in that it mischaracterizes the evidence and violates FRE 403.   The
19  engagement letter attached as Exhibit A to the Morton Supplemental Declaration states on page 4 of
20  that document that the Debtor is providing $25,000 in funds to "be deposited in our client trust
21  account."  As the money was placed in a client trust account, it is the Debtor's money.  Because the
22  money belonged to the Debtor, it cannot be classified as an "advance payment retainer" and is a
23  security retainer.  *See In re Pannebaker Custom Cabinet Corp.*, 198 B.R. 453,459-60 (Bankr. M.D.
24  Penn. 1996) ("As a general rule is a retainer constitutes funds held in trust for the benefit of a debtor,
25  i.e. a security retainer.   [internal citations omitted].   To the extent a professional seeks a
26  determination that a retainer is a classic flat fee retainer or an advance payment retainer, the burden
27  rests with the professional to so establish.")

28

2

ADITYA SHARMA'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE DEBTOR'S REPLY AND
SUPPLEMENTAL DECLARATION IN SUPPORT OF APPLICATION TO RETAIN ATTORNEYS

Furthermore, the statement that it is an advance payment retainer is also improper opinion testimony in violation of FRE 701. "The opinion or inference of a witness must be rationally based on the witness' perception, meaning only that it must be one which a person could normally form from observed facts." *Gorby v. Schneider Tank Lines, Inc.*, 741 F.2d 1015, 1021 (7th Cir. 1984). The ultimate conclusion as to whether the money sent was "an advance payment retainer" is inadmissible legal opinion and is not helpful to the Court from the declarant, who lacks personal knowledge of the Debtor's intent and is biased in that he is defending his business's receipt of a potential preference. *See Torres v. County of Oakland*, 758 F.2d 147, 150-51 (6th Cir. 1987) (explaining how and why testimony that contains a legal conclusion should be excluded).

### E.      Objection to Paragraph 10, line 22-24

Sharma objects to Paragraph 10, line 22-24 which states "On May 5, 2020, the Firm …retained $2,209.50 of the $25,000 advance payment retainer still unearned as of the filing of the Petition." The statement that the $25,000 was an "advance payment retainer" is subject to the same objections set forth above, as it is misleading and prejudicial under FRE 403, and it is also improper opinion testimony in violation of FRE 701.

## III.    CONCLUSION

WHEREFORE, Sharma requests that the Court:

(1)      strike the Reply and Morton Supplemental Declaration as untimely pursuant to Local Bankruptcy Rules 9011-1 and 9014-1(c)(3).

(2)      sustain its evidentiary objections to the Morton Supplemental Declaration paragraph 6, page 3:1-2, paragraph 7, page 3:9-10, paragraph 8, page 3:13-15, paragraph 9:16-19, and paragraph 10, line 22-24.

DATED: June 16, 2020                JAZ, A PROFESSIONAL LEGAL CORPORATION


By:  /s/ Peter F. Jazayeri
       Peter F. Jazayeri
Attorneys for ADITYA SHARMA
AND DR. ANSHU SHARMA

ADITYA SHARMA'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE DEBTOR'S REPLY AND
SUPPLEMENTAL DECLARATION IN SUPPORT OF APPLICATION TO RETAIN ATTORNEYS