1    BAO M. VU (SB #277970)
   bao.vu@stoel.com
2    THOMAS A. WOODS (SB #210050)
   thomas.woods@stoel.com
3    ANDREW H. MORTON (*admitted pro hac vice*)
   andrew.morton@stoel.com
4    STOEL RIVES LLP
   500 Capitol Mall, Suite 1600
5    Sacramento, CA 95814
   Telephone: 916.447.0700
6    Facsimile: 916.447.4781

7    *Counsel for Debtor and Debtor in Possession*

8

9             UNITED STATES BANKRUPTCY COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12    In re:                       Case No. 20-30383

13    CROSSCODE, INC.,           Chapter 11

14           Debtor.         MOTION TO STRIKE OR OVERRULE
                           OBJECTION TO CONFIRMATION OF
15                            MASOUD TOGHRAIE

16

17    **I.     BACKGROUND**

18         On August 3, 2020, Crosscode, Inc., the debtor and debtor-in-possession in the above-

19    captioned bankruptcy case (the "***Debtor***"), filed its *Chapter 11 (Subchapter V) Plan of*

20    *Reorganization Dated August 3, 2020* [Dkt No. 110] (the "***Plan***"). On August 6, 2020, the Court

21    issued its *Order Setting Confirmation Hearing and Related Deadlines* [Dkt. No. 113] (the

22    "***Confirmation Procedures Order***"), in which the Court established a deadline of August 25, 2020

23    for filing objections to the Plan.

24         On August 7, 2020, the Debtor caused true and correct copies of the Plan, the Confirmation

25    Procedures Order, and related documents (together, the "***Solicitation Package***") to be served on all

26    of the entities and individuals entitled to notice of the Debtor's Plan filing. On August 13, 2020, the

27    Debtor filed a Certificate of Service certifying that it served the Solicitation Package on all of the

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO
   MOTION TO STRIKE OR OVERRULE
   OBJECTION TO CONFIRMATION     -1-
   107873344.2 0072141-00003

individuals and entities listed therein [Dkt No. 121] (the "**COS**"). The COS reflects that a copy of the Plan was served on:

> Masoud Toghraie
> 2350 East Alleview Terrace
> Los Angeles, CA 90068-3021

*See* COS at 11.

On August 29, 2020, four days after the expiration of the deadline for Plan objections established by this Court's Confirmation Procedures Order, Masoud Toghraie ("**Toghraie**") filed his *Objection to Confirmation of Chapter 11 (Subchapter V) Plan of Reorganization Dated August 3, 2020* [Dkt. No. 132] (the "**Objection**"). In the Objection, Toghraie contends, among other things, that all equity interests "should be classified together in the Plan" and that the Plan should not be confirmed because it treats holders of Series A Preferred Stock Equity Interests more favorably than holders of Common Stock Equity Interests, in violation of the Bankruptcy Code's classification scheme. *See* Obj. at 6.

In addition to being filed late without valid justification or excuse, as further discussed below, the Objection reflects a fundamental misunderstanding of black-letter bankruptcy law. The Debtor now files this motion (the "**Motion**") requesting the Court to strike or, alternatively, overrule the Objection and confirm the Debtor's Plan. The Motion is supported by the Declaration of the Debtor's chief financial officer, Rahul Gandhi (the "**Gandhi Declaration**"), filed contemporaneously herewith.

## II.     THE OBJECTION SHOULD BE STRICKEN AS UNTIMELY

The Debtor respectfully requests that the Court strike the Objection as untimely. Under Federal Rule of Bankruptcy Procedure 3020(b)(1) (emphasis added), "[a]n objection to confirmation of the plan ***shall*** be filed and served on the debtor, the trustee, the proponent of the plan, . . ., ***within a time fixed by the court***." The language is mandatory, not permissive, and courts enforcing analogous rules and local rules regarding deadlines for objecting to confirmation have so

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO STRIKE OR OVERRULE
OBJECTION TO CONFIRMATION
107873344.2 0072141-00003

-2-

Case: 20-30383   Doc# 141   Filed: 09/01/20   Entered: 09/01/20 20:08:56   Page 2 of 6

held. *See, e.g.*, *In re Gaona*, 290 B.R. 381, 387 (Bankr. S.D. Cal. 2013) (disregarding late-filed objection to chapter 13 plan as untimely because "[t]he language of LBR 3015-5 is mandatory and [no] party sought leave from this Court to file a late objection."). Here, Toghraie did not seek permission from the Court to file a late objection and then filed a late objection without just excuse, in violation of Bankruptcy Rule 3020(b)(1).

First, like all other parties-in-interest, Toghraie was given proper notice of the Plan[1] when the Debtor caused a copy of the Solicitation Package, which included a copy of the Plan and the Confirmation Procedures Order, to be served on him on August 7, 2020. *See* COS at 11. Paragraph 3 of the Confirmation Procedures Order sets forth the deadline of August 25, 2020 for the filing of objections to the Plan **in bold face type.**

Second, Toghraie had actual notice of the Debtor's plans with respect to restructuring and the cancellation of common stock equity interests well in advance of the filing of the Debtor's petition on May 5, 2020 (the "***Petition Date***"). On April 8, 2020, nearly one month prior to the Petition Date, Toghraie executed a non-disclosure agreement with the Debtor, which allowed him to receive the Debtor's Confidential Offering and Information Statement regarding the Debtor's financial condition and restructuring plans (the "***Restructuring Proposal***"). *See* Gandhi Decl., ¶ 5.

Among other things, the Restructuring Proposal included (a) details of the Debtor's upcoming restructuring plans, including the filing of a chapter 11 case and the elimination of common stock equity interests in connection therewith; (b) the Debtor's proposed restructuring support agreement and plan term sheet, substantially in the form filed by the Debtor in this case [Dkt. No. 3]; and (c) solicitation materials to participate as an investor in the Debtor's proposed DIP Facility, on substantially the same terms as the Debtor initially requested be authorized in this case [Dkt. No. 4]. *See id.* The Debtor's records reflect that it provided Toghraie with an electronic

---

[1] The Debtor reserves its rights to object to Toghraie's standing to bring the Objection or participate as a party in interest at all. Based on documents produced and sworn testimony given during civil litigation between the Debtor and its ex-CEO, Aditya Sharma, pending in the United States District Court for the District of Northern California (Case No. 3:20-cv-00104-VC), the Debtor has reason to believe that Toghraie sold all of his common stock to Mr. Sharma and is no longer a stockholder.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO STRIKE OR OVERRULE
OBJECTION TO CONFIRMATION
107873344.2 0072141-00003

-3-

Case: 20-30383   Doc# 141   Filed: 09/01/20   Entered: 09/01/20 20:08:56   Page 3 of 6

copy of the Restructuring Proposal on April 13, 2020, which upon information and belief, was opened by Toghraie on April 14, 2020. *See id.* That same day, Toghraie participated in a teleconference call with Gandhi and other members of the Debtor's Board of Directors during which they discussed the Debtor's Restructuring Proposal, including the proposed cancellation of the interests of the equity interests of common stockholders. *See id.*, ¶ 6. Toghraie was thus well aware of the Debtor's Plan's key terms as early as mid-April 2020 and certainly no later than all other parties-in-interest in this Case.

Toghraie fails to provide a just excuse for his delay in filing the Objection. Toghraie suggests he did not file the objection until August 29 because he did not retain counsel until August 28. *See* Objection at 17. Yet Toghraie was aware of the key terms of the Debtor's Plan, including those related to the elimination of common stock equity interests, over four months ago. He received formal notice of the Plan in compliance with the Court's Confirmation Procedures Order and at the same time as all other interest holders. To accept Tohgraie's excuse that he should be excused from a Court-established deadline simply because he dragged his feet in obtaining an attorney without any further explanation for *why* he waited so long to retain counsel would nullify any intended effect of the Court's objection deadline.

## III.   ALTERNATIVELY, THE OBJECTION SHOULD BE OVERRULED

If the Court is inclined to entertain the Objection notwithstanding its tardiness, the Objection should be overruled because it misapprehends basic principles of bankruptcy law and fails to recognize controlling Ninth Circuit precedent.

### A.   Toghraie's Argument Regarding Classification Fails as a Matter of Law

Toghraie contends that all equity interests, common and preferred alike, must be placed in the same class for the Plan to pass muster under 11 U.S.C. § 1122. This simply is not the case. *See* 11 U.S.C. § 1129(b)(2)(C) (requiring that with respect to a class of interests, holders of an interest receive the greater of any "fixed liquidation preference" or any "fixed redemption right" before the holders of any junior interests receive or retain any property under a plan). The Debtor addressed these arguments in its confirmation brief, and hereby incorporates by reference its arguments

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO STRIKE OR OVERRULE
OBJECTION TO CONFIRMATION

-4-

107873344.2 0072141-00003

1    regarding the Objection and the confirmability of the Plan under 11 U.S.C. § 1122. *See* Dkt No.

2    137 (Confirmation Brief) at 13-14, 29.

3         **B.     The Plan's Injunctions and Releases are Appropriate**

4         Next, Toghraie erroneously asserts that the injunctions in Section 5.6 of the Plan and the

5    third-party exculpations contained in Section 5.3 of the Plan should not be permitted and that the

6    Plan is thus unconfirmable. *See* Obj. at 10-12.

7         First, the Objection misconstrues the nature of the injunctions. The injunction under Section

8    5.6 of the Plan, which is drawn from the stay provisions of section 362(a) of the Bankruptcy Code,

9    expressly limits all persons who are holders of "Claims" against the Debtor or "Equity Interests"

10   in the Debtor. The term "Claim" is defined under the Plan and taken from the corresponding

11   definition in the Bankruptcy Code. The term "Equity Interest" is defined under the Plan. Both of

12   the foregoing terms are limited as they apply to the Debtor, not claims or interests, assuming any

13   exist, against parties other than the Debtor. While parties other than the Debtor or the Reorganized

14   Debtor are included in the litany of parties that are protected by Section 5.6 of the Plan, the

15   protection only relates to "Claims against or Interests in the Debtor." If any party holds an

16   independent claim against a non-Debtor, nothing in Section 5.6 of the Plan enjoins or prevents that

17   party from asserting true "non-debtor" claims against those parties.

18        Second, the Objection fails to acknowledge recent, controlling, Ninth Circuit precedent on

19   the issues of third-party releases. In *Blixseth v. Credit Suisse*, No. 16-35304, 2020 WL 3089263

20   (9th Cir. June 11, 2020), the Panel held that narrow exculpations releasing non-debtor parties for

21   claims arising out of participation in bankruptcy proceedings are permissible. The nature and scope

22   of the exculpations provided for in the Plan are substantially similar to those upheld in *Blixseth*,

23   and the Debtor is confident they are appropriate and do not give rise to any basis for valid objection

24   to the Plan.

25        If Toghraie had concerns regarding the injunctions or exculpations, he had ample

26   opportunity to timely object or to opt out. He failed or declined to do so. Toghraie's solicitation

27   package provided a conspicuous opportunity to opt out of the Plan's release, injunction, and

28   exculpation provisions but Toghraie elected not to opt out. *See* Dkt. No. 138, Ex. A at 18.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO STRIKE OR OVERRULE
OBJECTION TO CONFIRMATION
107873344.2 0072141-00003

-5-

Case: 20-30383   Doc# 141   Filed: 09/01/20   Entered: 09/01/20 20:08:56   Page 5 of
6

**C.** **The "New Value" Exception to the "Absolute Priority" Rule is Inapplicable.**

The Debtor had difficulty parsing Toghraie's final basis for objection, which appears to be that the Plan does not satisfy the "new value exception" to the absolute priority rule. The Debtor is not required to satisfy the "new value exception" to the absolute priority rule because its Plan does not violate the absolute priority rule. As this Court is well aware, the absolute priority rule provides that no class of junior interests may receive or retain any property on account of such interests unless all senior classes of claims are paid in full. Here, the Plan will pay all claims in full. Series A Preferred Equity Interest holders holding a $20,000,000 liquidation preference and redemption rights are next in line to receive value under both the Plan and the plain language of the Bankruptcy Code. Accordingly, the Plan does not violate the absolute priority rule and the Debtor is under no obligation to satisfy the "new value exception" as suggested by the Objection. Indeed, it is Toghraie who would need to contribute "new value" to the Debtor's reorganization in order to receive or retain any value under a plan consistent with the absolute priority rule. Ironically, having too been given that opportunity before the Debtor's bankruptcy, he declined. Toghraie, of all people, should not now be heard to complain about value given or received in connection with the Debtor's Plan.

Based on the foregoing, the Debtor respectfully requests that this Court strike or overrule the Objection and confirm the Plan.

DATED:  September 1, 2020.

STOEL RIVES LLP

By: /s/ Andrew H. Morton
     Bao M. Vu
     Thomas A. Woods
     Andrew H. Morton (*admitted pro hac vice*)

*Counsel for Debtor and Debtor-in-Possession*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

MOTION TO STRIKE OR OVERRULE
OBJECTION TO CONFIRMATION
-6-
107873344.2 0072141-00003

Case: 20-30383    Doc# 141    Filed: 09/01/20    Entered: 09/01/20 20:08:56    Page 6 of 6